ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| AGMA SECURITY SERVICE, INC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE PONCE<br><br>Recurrido | TA2026RA00271 | *Revisión Judicial* procedente del Municipio Autónomo de Ponce<br><br>Subasta Núm.: SG2-2026-079<br><br>Sobre: Impugnación de Subasta |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

El 26 de mayo de 2026, la parte recurrente, AGMA Security Service, Inc., (AGMA), acudió ante nos, mediante el recurso de revisión judicial del epígrafe para impugnar la adjudicación de la Subasta para los Servicios 2026-2027, SG2-2026-079, *Sistema de alarmas y vigilancia virtual para dependencias municipales*, emitida por la parte recurrida, Junta de Subastas del Municipio Autónomo de Ponce (Junta de Subastas).[1] En particular, AGMA señaló la comisión de los siguientes errores:

> ERRÓ LA JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE PONCE AL INCUMPLIR LOS PROCEDIMIENTOS ESTABLECIDOS EN EL PLIEGO DE LA SUBASTA NÚM. SG2-2026-079 AL NO RESPONDER LAS PREGUNTAS PRESENTADAS POR AGMA SECURITY SERVICE, INC., DENTRO DEL TÉRMINO REQUERIDO.
>
> ERRÓ LA JUNTA DE SUBASTAS AL NO ACLARAR LAS AMBIGÜEDADES MATERIALES CONTENIDAS EN LAS ESPECIFICACIONES TÉCNICAS DEL PLIEGO Y AL EMITIR RESPUESTAS SELECTIVAS Y DESIGUALES A ACLARACIONES, VIOLANDO EL PRINCIPIO DE IGUALDAD ENTRE LICITADORES.
>
> ERRÓ LA JUNTA DE SUBASTAS AL RECHAZAR LA PROPUESTA DE AGMA COMO NO RESPONSIVA CUANDO TAL RECHAZO RESULTÓ DE LAS VIOLACIONES PROCESALES DE LA JUNTA DE SUBASTAS Y DE LAS

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA). AGMA acreditó la notificación a las partes recurridas; véase, entrada 2 SUMAC-TA.

ESPECIFICACIONES AMBIGUAS DEL PLIEGO, PRIVANDO A AGMA DE SU DEBIDO PROCESO.

Concedimos el plazo reglamentario a las partes recurridas para la presentación de sus respectivos alegatos; e instruimos a la Junta de Subastas a someter copia certificada del expediente administrativo en un plazo de cinco días.[2] Entonces, el 4 de junio de 2026, la representación legal del ente municipal compareció mediante un escrito intitulado *Moción informativa y solicitud de desestimación de revisión judicial por academicidad*.[3] Indicó que el día anterior la Junta de Subastas emitió la *Resolución 079 A.I.I.O.A. Serie 2025-2026*, por virtud de la cual canceló la subasta impugnada, "para poder realizar un nuevo proceso…".[4] La parte recurrida acompañó la petición desestimatoria con el documento aludido,[5] del cual se desprenden las siguientes determinaciones:

.   .   .   .   .   .   .   .

16. Se le asignó al Lcdo. Nelson Torres Yordan, abogado de la Junta de Subastas, que evaluara los escritos presentados al Tribunal de Apelaciones por parte de la División Legal del Municipio Autónomo de Ponce el 28 y 29 de mayo de 2026.

17. En reunión celebrada el 2 de junio de 2026 y luego de un análisis de ambos escritos ante el Tribunal de Apelaciones, éste recomienda que en el análisis de éstos **el recurso de AGMA tiene fundamento y luego de un análisis de sus comunicaciones y según la información provista por la Administradora de la Junta de Subasta, las respuestas realizadas por el personal no fueron responsivas a las dudas presentadas y éstas no atendieron la solicitud de AGMA**. La impugnación de OSOLI, CORP. en cuanto a que fue la compañía más baja no se desprende eso del expediente, debido a que su oferta en precio es más alto y en la apelación es que se indica por primera vez que su costo es anual no mensual, así como tampoco cumplen con las especificaciones de la subasta de certificar que cuentan con las unidades

---

[2] Entrada 3 SUMAC-TA.

[3] Entrada 4 SUMAC-TA.

[4] En el escrito judicial, la Junta de Subastas mencionó un recurso de revisión judicial posterior, instado por otro licitador, ante la consideración de un panel hermano. Tomamos conocimiento judicial que, el 27 de mayo de 2026, el Panel II ordenó la paralización de "todos los efectos del *Aviso de Adjudicación Núm. SG2-2026-079*, incluyendo la firma del contrato pendiente a la adjudicación en el Municipio de Ponce". Empero, al igual que en el caso de marras, la parte recurrida solicitó la desestimación por academicidad; y el recurrente se allanó. A tales efectos, el 18 de junio de 2026, se dictó *Sentencia*. Véanse, TA2026RA00274, entradas 3-7 SUMAC-TA.

[5] Entrada 5 SUMAC-TA.

móviles para atender el tiempo de respuesta solicitado y especificado por la Junta de Subasta del Municipio en su requerimiento.

18. El Lcdo. Torres Yordan nos recomienda informar al Tribunal de Apelaciones de esta determinación de **cancelar esta subasta debido a que se incumplió con el periodo de respuestas y no se le contestó a uno de los licitadores**. Así como realizar un nuevo proceso y darle la oportunidad de que los licitadores que quieran participar en [el] nuevo proceso se les pueda dar la oportunidad de contestar las preguntas y aclarar las condiciones específicas de un nuevo proceso. (Énfasis nuestro).

.    .    .    .    .    .    .    .

En consecuencia, la Junta de Subastas solicitó la desestimación del recurso incoado por AGMA por academicidad.

Mediante una *Resolución* dictada el 4 de junio de 2026, notificada al día siguiente, convocamos a la parte recurrente a expresarse en torno a la solicitud, para lo que otorgamos un breve término de cinco días, a partir de la notificación del pronunciamiento. Transcurrido el plazo, AGMA no compareció. Resolvemos.

**II.**

La jurisdicción de los tribunales queda determinada por la aplicación de diversas doctrinas que le dan vida al llamado principio de justiciabilidad. Este principio de limitación autoimpuesta emana del rol que corresponde al Poder Judicial como parte de la trilogía de poderes de nuestro sistema de gobierno. *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131-132 (2014), que cita a *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 917 (2012). Una de esas doctrinas es la de academicidad que, como corolario del principio de justiciabilidad, "nace del elemental principio de que los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *E.L.A. v. Aguayo*, 80 DPR 552, 558-559 (1958). Un caso académico es aquél que pretende obtener una determinación judicial en torno a una controversia inexistente, por lo que la sentencia que se dicte en su día no tendrá efectos prácticos.

*Id.*, pág. 584. El propósito de este precepto es evitar el inadecuado uso de los recursos judiciales y evitar precedentes innecesarios. *Emp. Pur. Des., Inc. v. H.I.E.Tel.*, 150 DPR 924, 936 (2000), citado en *Super Asphalt v. AFI y otro*, 206 DPR 803, 815-816 (2021). Es decir, si la controversia pierde vigencia, ya sea por cambios fácticos o jurídicos durante el trámite, en lugar de conceder un remedio, el tribunal sólo emitiría una opinión consultiva. Por lo tanto, el tribunal debe abstenerse de resolver los méritos de la controversia que ha dejado de estar viva y presente. Véanse, *Lozada Sánchez et al. v. JCA, supra,* pág. 913; *Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 931 (2011); *E.L.A. v. Aguayo, supra*, pág. 584.

Cónsono con lo anterior, el Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso, a solicitud de parte o a iniciativa propia, porque se ha tornado académico. Véase, Regla 83 (B) (5) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Ello responde a que, de no estar presente alguna de las excepciones establecidas jurisprudencialmente, un foro judicial carece de jurisdicción para atender un caso que tenga visos de academicidad.

**III.**

Resulta evidente que el reconocimiento de la parte recurrida acerca de las deficiencias en el proceso de subasta torna en inexistente la controversia entre las partes litigantes del título. El hecho de que la Junta de Subastas exprese que el recurso de AGMA tiene fundamento nos compele a desestimar la causa presente según solicitado, porque de lo contrario estaríamos emitiendo una opinión consultiva. Desde luego, de AGMA entender que, en su día, la recurrida no cumpla a cabalidad con los requisitos impuestos por nuestro ordenamiento, o que el organismo incurra en algún otro error o arbitrariedad, le ampara el derecho a presentar una nueva solicitud de revisión judicial.

Por todo lo anterior, desestimamos el recurso presentado por falta de jurisdicción al haberse tornado académico, de conformidad con la Regla 83 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In*

*re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025). En consecuencia, ordenamos el cierre y archivo del presente caso.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones